THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **BONNIE ELLEN REED,** : | |
| : | |
| Plaintiff, : | |
| : | Case No.1:14-cv-65(JCC-JFA) |
| v. : | |
| : | |
| **WASHINGTON METROPOLITAN** : | |
| **AREA TRANSIT AUTHORITY,** : | |
| : | |
| Defendant. : | |
| : | |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO EXCLUDE WITNESSES

NOW COMES the Plaintiff, Bonnie Ellen Reed, by counsel, pursuant to Rule 26, Rule 16 and Rule 37 of the Federal Rules of Civil Procedure, and for her Memorandum of Points and Authorities in support of Plaintiff's Motion to Exclude Witnesses, states as follows:

### I.   FACTUAL AND PROCEDURAL CHRONOLOGY

1. This matter is a personal injury action arising out of a fall by Plaintiff in a Washington Metropolitan Area Transit Authority ("WMATA") parking garage on November 28, 2011 in Fairfax County, Virginia.

2. Plaintiff's fall was reported to WMATA on the date of the incident on November 28, 2011.

3. WMATA has been aware that Plaintiff has been represented by counsel and was asserting a claim against WMATA for the incident since at least April 3, 2012. (See copy of WMATA letter attached hereto as "Exhibit 1.")

4. Plaintiff's counsel provided WMATA with a detailed and comprehensive settlement demand package on November 8, 2013. (See copy of settlement demand letter attached hereto as "Exhibit 2" with settlement demand amount redacted.) The materials included a detailed itemization of Plaintiff's claim, as well as photographs of the stairs where Plaintiff fell.

5. Plaintiff filed suit in the Circuit Court of Fairfax County, Virginia in November 2013. WMATA proceeded to remove the case to this Court on January 22, 2014.

6.      On February 4, 2014, this Court entered an Order setting the matter for a Final Pretrial Conference on May 15, 2014 and ordering discovery completed by May 9, 2014.

7.      The parties, by counsel, conferred and entered into a Proposed Joint Discovery Plan, which was submitted to the Court on February 19, 2014.

8.      The Court entered its Rule 16(b) Scheduling Order on February 26, 2014, incorporating the dates for the conduct of discovery by the parties.

9.      Specifically, the parties' Initial Disclosure Statements were to be filed by March 5, 2014[1]; Plaintiff's Rule 26(a)(2) Expert Disclosure by March 10, 2014; Defendant's Rule 26(a)(2) Expert Disclosure by April 10, 2014; disclosure of rebuttal experts by April 25, 2014, and discovery completed by May 9, 2014.

10.     WMATA's Initial Disclosure identified only two (2) individuals "likely to have discoverable information (Rule 26(a)(1)(a))." They are Bryan Crocheron, "Station Manager to which Plaintiff reported the allegedly (sic) fall" and Larry Chisholm, "Station Manager at Franconia-Springfield Metro station during the time frame that Plaintiff claims she fell."[2]

11.     On February 7, 2014, Plaintiff received Defendant WMATA's Answers to Plaintiff's Interrogatories. (See copy attached hereto as "Exhibit 3.")

12.     Plaintiff's Interrogatory number 22 requested: "Identify each and every person not heretofore mentioned having personal knowledge of facts material to this case."

13.     Bryan Crocheron and "ROCC Customer Communications Specialist L. Bradley" were the only WMATA individuals identified in Defendant's Answers to Interrogatories.

14.     After Plaintiff's counsel communicated to Defendant's counsel that there were deficiencies in WMATA's discovery responses, Plaintiff received, on March 6, 2014, Defendant WMATA's Amended Answers to Plaintiff's Interrogatories. (See copy attached hereto as "Exhibit 4.") Larry Chisholm was the only other individual identified.

15.     On March 13, 2014, Plaintiff filed her Notice of Deposition Pursuant to F.R.C.P. 30(b)(6). (See copy attached hereto as "Exhibit 5.") Plaintiff subsequently filed a Motion to Compel WMATA to designate and produce witnesses in response to the Notice. Pursuant to an Order granting Plaintiff's Motion to Compel, WMATA produced designees on May 7 and May 8, 2014, one (1) and (2) days, respectively, before the close of discovery on May 9, 2014.[3]

---

[1] WMATA filed its Initial Disclosure on March 6, 2014.
[2] Plaintiff deposed both Mr. Crocheron and Mr. Chisholm on April 2, 2014.
[3] WMATA's designees in response to Plaintiff's 30(b)(6) notice were Paul Kram, Hitendra Patel and William

2

16. On April 16, 2014, WMATA attempted to amend its Rule 26(a)(2) Disclosure to add Paul Kram, Ormand Jones, Hitendra Patel, Jyotindra Shah and Robert Patrick Schmidt - all WMATA employees - as expert witnesses. WMATA's Motion was denied by this Court.[4]

17. On April 28, 2014, Plaintiff received Defendant WMATA's Second Amended Answers to Plaintiff's Interrogatories. (See copy attached hereto as "Exhibit 6."). No other individuals were identified.

18. On May 12, 2014, Plaintiff received Defendant WMATA's Amended Answer to Plaintiff's Interrogatory No. 21 (sic)[5]. (See copy attached hereto as "Exhibit 7.")[6]. In addition to Bryan Crocheron, Defendant stated:

> The following persons do not have personal information regarding the Plaintiff's alleged fall itself, but may have facts related to WMATA's defense in the instant case:
>
> 2. Paul Kram
> 3. Patrick Schmidt
> 4. William Martin
> 5. Shah, Jyotindra M.
> 6. Patel, Hitendra
> 7. Ormond Brad Jones

19. On May 14, 2014, Defendant filed Defendant Washington Metropolitan Area Transit Authority's List of Witnesses Pursuant to Fed.R.Civ.P. 26(a)(3), identifying Bryan

---

Martin. Interestingly, WMATA's counsel insisted that Jyotindra Shah be permitted to sit in on Mr. Patel's deposition as "WMATA's designated representative for purposes of the deposition."

[4] WMATA's initial Rule 26(a)(2) expert disclosure identified only John Bruno, M.D. After Plaintiff filed her Motion to Strike Defendant's Fed.R.Civ.P. 26(a)(2) Disclosure and to Exclude John Bruno, M.D. as a Witness, WMATA withdrew its designation of Dr. Bruno as an expert witness and the Court entered an Order striking Dr. Bruno.

[5] This Interrogatory is actually Plaintiff's Interrogatory No. 22.

[6] On May 7, 2014, Plaintiff's counsel was conducting Rule 30(b)(6) depositions of WMATA designees. Defendant's counsel advised Plaintiff's counsel that WMATA would be filing amended answers to Interrogatories. When asked, Defendant's counsel indicated she sent the amended answers to Interrogatories by mail. On May 8, 2014, Plaintiff's counsel advised Defendant's counsel that he had still not received any amended answers to Interrogatories, and inquired as to why the information could not be provided to him by email and/or facsimile. Defendant's counsel indicated that she would do so. On May 9, 2014 (the date discovery closed), Plaintiff's counsel received a letter from Defendant's counsel purporting to enclose the amended answers to Interrogatories. There was no enclosure. Plaintiff's counsel contacted Defendant's counsel by email on May 9, 2014 advising Defendant's counsel of same. It was not until May 12, 2014 that Defendant's counsel responded by email indicating that her assistant realized that she had mailed the letter without the enclosure and subsequently mailed another letter with the enclosure on May 7. (See copy of emails attached hereto as "Exhibit 8.") On May 12, 2014, Defendant's counsel finally emailed Plaintiff's counsel WMATA's Amended Answer to Interrogatory No. 21 (sic) and Plaintiff's counsel received the second letter with the amended answer by mail. WMATA's counsel never provided an explanation as to why Defendant WMATA's amended answer to Interrogatory No. 21 (sic) (which is a two (2) page document) was not either initially, or the second time, forwarded by email and/or facsimile in order that Plaintiff's counsel would receive it prior to the close of discovery.

Crocheron, Paul Kram, Jyotindra M. Shah, Hitendra Patel and Ormond Brad Jones as fact witnesses.

20. Upon Plaintiff's counsel's request, a telephone conference took place between Plaintiff's counsel and Defendant's counsel in an effort to narrow the issues in this matter on May 16, 2014. At that time Plaintiff's counsel expressed concern that Mr. Kram, Mr. Shah, Mr. Patel and Mr. Jones had not been timely identified as fact witnesses and that there was no indication as to what their testimony might be, and that Plaintiff's counsel has not had an opportunity to depose these individuals based upon whatever testimony Defendant WMATA may attempt to elicit from them. The only response that Defendant WMATA's counsel provided was that they would testify regarding "maintenance, notice and immunity."

## II.     STANDARD OF REVIEW

The pretrial disclosure of expert testimony is governed by Rule 26(a)(2). With respect to information that is required in an Initial Disclosure:

> (a) *Required Disclosures*. – (1) Initial Disclosure. (A) In General. Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties: (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

Fed.R.Civ.P. 26(a)(1)(A).

Rule 26(a) requires that the parties conduct a full and thorough investigation in providing its Initial Disclosure.

> (E) Basis for Initial Disclosure; Unacceptable Excuses. A party must make its initial disclosures based on the information then reasonably available to it. A party is not excused from making its disclosures because it has not fully investigated the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures.

Rule 26(a)(1)(E).

What is more, the parties are required to supplement their Initial Disclosures and discovery responses in a timely manner.

> (e) *Supplementing Disclosures and Responses*. – (1) in General. A party who has made a disclosure under Rule 26(a) – or who has responded to an interrogatory, request for production, or request for admission – must supplement or correct its disclosure or response:
> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
> (B) as ordered by the court.

Rule 26(e).

The failure of a party to comply with the requirements of Rule 26(a) and 26 (e) is governed by Rule 37.

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(C).

The Court has broad discretion in determining whether non-disclosures of witnesses warrant exclusion.

> Rule 37(c)(1) provides that ''[a] party that without *substantial justification* fails to disclose information required by Rule 26(a) … is not, unless such failure is *harmless*, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed.' Fed.R.Civ.P. 37(c)(1) (emphasis added). It is the burden of the party facing sanctions to show that the failure to comply was either substantially justified or harmless. *See Southern States*, 318 F.3d at 596. The district court has 'broad discretion to determine whether a nondisclosure of evidence is substantially justified or harmless.' *Id*. At 597.

*Carr v. Deeds*, 453 F.3d 539, 602 (Fourth Cir. 2006).

The Fourth Circuit has adopted a five-factor balancing approach for exclusion analysis under Rule 37(c)(1).

> We therefore hold that in exercising its broad discretion to determine whether a nondisclosure of evidence is substantially justified or harmless for purposes of a Rule 37(c)(1) exclusion analysis, a district court should be guided by the following factors: (1) the surprise to the party against whom the evidence would be

5

> offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Southern States Rack and Fixture v. Sherwin-Williams*, 318 F.3d 592, 597 (4th Cir. 2003).

Rule 16(f)(1)(C) is also applicable to failures by a party to obey a Scheduling or Pretrial Order.

> (1) In General. On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: […]
> (c) fails to obey a scheduling or other pretrial order.

*East West, LLC v. Rahman*, 2012 U.S. Dist. LEXIS 133374 (EDVa., September 17, 2012).

## III. ARGUMENT

**A. WMATA's Failure To Comply With The Requirements Of Rule 26(a) And Rule 26(e) And This Court's Scheduling Order Is Unfairly Prejudicial To The Plaintiff And Impairs Her Ability To Properly Prepare Her Case.**

WMATA is the transit provider for the National Capitol Region. Its Metrorail and Metrobus serve a population of five (5) million within a one thousand, five hundred (1,500) square-mile area. In 2012, its rail ridership consisted of 212,188,640 trips. Its bus ridership consisted of 131,780,990 trips (www.wmata.com/about_metro/docs/metrofacts.pdf?). One could reasonably presume that WMATA has been, and currently is, involved in litigation involving similar claims of personal injury from falls and other incidents. Similarly, WMATA has no doubt called many of its employees to testify in similar cases over the years. Plaintiff's claim is not unusual, unexpected or out of the ordinary.

WMATA has known of Plaintiff's incident since the date it occurred (November 28, 2011). WMATA has known that Plaintiff was represented by counsel and that a claim was being asserted against WMATA since at least April 2012. WMATA was fully advised to the details of Plaintiff's claim since at least November 2013, upon receipt of Plaintiff's detailed and comprehensive settlement demand package, as well as the Plaintiff's Complaint filed in Fairfax County Circuit Court. WMATA subsequently removed Plaintiff's state court action to this court, fully aware of the requirements of Rule 26 and the schedules of this Court.

WMATA is aware of the job responsibilities of its employees and who has information "that [WMATA] may use to support its claims or defenses." Rule 26(a)(1)(A). Messrs. Kram,

6

Shah, Patel and Jones are all employees of WMATA, and as such clearly known to WMATA. What is more, their job titles, job descriptions, duties, and base of knowledge and information was clearly known to WMATA prior to the initiation of this action in state court, and prior to WMATA's removal of the action to this Court. Yet, WMATA failed to identify Kram, Shah, Patel or Jones in its Initial Disclosures, Answers to Interrogatories, Amended Answers to Interrogatories or Second Amended Answers to Interrogatories.

The importance of the parties' compliance with Rule 26(a) cannot be overstated.

> A party that fails to provide these disclosures unfairly inhibits its opponent's ability to properly prepare, unnecessarily prolongs litigation, and undermines the district court's management of the case. For this reason, 'we give particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1). *Saudi v. Northrop Grumman Corp.*, 427 F.3d 271, 278-79 (4th Cir. 2005) (quoting *Southern S. States Rack And Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 595 (4th Cir. 2013)).

*Carr v.* Deeds, 453 F.3d 593, 604 (4th Cir. 2006).

There is no basis for WMATA's failure/refusal to provide a complete and timely designation. Plaintiff is unable to properly prepare for the testimony of WMATA's employees as fact witnesses at trial, given WMATA's failure to timely disclose them as required by Rule 26 and the Scheduling Order.

**B.** **WMATA's Failure To Make A Timely Disclosure Required By Rule 26 Warrants Exclusion Of Kram, Shah, Patel And Jones As Witnesses.**

**1.** **Rule 37(c)(1) Exclusion.**

The language contained in Rule 37(c)(1) has been described as:

> A 'self-executing sanction for failure to make a disclosure required by Rule 26(a),' designed to provide a 'strong inducement for disclosure.'" *Carney v. Kmart Corp.*, 176 F.R.D. 227, 229 (S.D.W.Va. 1997) (citing Fed.R.Civ.P. 37 (Advisory Committee Notes)).

*Rambus v. Infineon*, 145 F.Supp.2d 721, 724 (E.D. Va., 2001).

This "'strong inducement for disclosure' results from the interplay between Rule 26 and Rule 37. Rule 26 was amended in 1993 with the explicit purpose to put an end to abusive discovery practices which often resulted in protracted discovery and soaring litigation costs." *Rambus, Id.,* at 725.

7

      **2.**      **WMATA Bears The Burden Of Proving Its Failure To Comply With The Requirements Of Rule 26(a) And Rule 26(e) Was Either Substantially Justified Or Harmless.**

WMATA, as the party failing to timely disclose witnesses, or to timely supplement under Rule 26(e), bears the burden to prove either substantial justification or harmlessness for its failure to make a proper Rule 26(a) disclosure. *Perkins v. U.S.*, 626 F.Supp.2d 587, 591 (E.D. Va. 2009).

      **3.**      **Analysis of *Southern States'* Five Factor Test For Exclusion**

      **(a)**      **The surprise to the party against whom the witness was to have testified.**

WMATA intentionally omitted Kram, Shah, Patel and Jones from its Initial Disclosures, and every single other discovery response thereafter, until discovery closed. WMATA's unsuccessful attempt to untimely amend its 26(a)(2) expert disclosure to add Kram, Shah, Patel and Jones as expert witnesses is insufficient to provide Plaintiff with adequate notice of WMATA's intent to call Kram, Shah, Patel and Jones as fact witnesses in the case in order that Plaintiff could properly prepare for trial. If WMATA intended to call Kram, Shah, Patel and Jones at trial, it could and should have provided this disclosure to Plaintiff well in advance of the close of discovery.

      **(b)**      **The ability of the party to cure the surprise.**

Pursuant to the Scheduling Order, discovery was to be completed by May 9, 2014 and the Final Pretrial Conference in this matter was conducted on May 15, 2014. There is no effective way to cure the prejudice or the surprise. Counsel for Plaintiff spoke with WMATA's counsel by telephone and specifically inquired as to whether WMATA intended to elicit testimony from Kram or Patel which was not included in the 30(b)(6) deposition testimony provided by Kram and Patel. WMATA's counsel would not commit in that regard. Shah and Jones were not designated as 30(b)(6) representatives by WMATA and have not been deposed.

WMATA's untimely identification of Kram, Shah, Patel and Jones as fact witnesses places Plaintiff in the position of having to move to exclude these witnesses or run the risk of trial by ambush, given WMATA's position.

      **(c)**      **The extent to which allowing the testimony would disrupt the trial.**

This matter has been scheduled for a jury trial commencing on July 14, 2014. Had WMATA properly and timely disclosed Kram, Shah, Patel and Jones as fact witnesses with either information regarding Plaintiff's contentions and/or WMATA's defenses, Plaintiff would

have taken action to depose these individuals in a timely fashion prior to the close of discovery. At this late date, any sanction by the Court other than exclusion of the witnesses would necessarily delay the currently scheduled trial date of July 14, 2014 and would be prejudicial to the Plaintiff.

In any event, to the extent that WMATA intends to offer testimony at the jury trial of this matter relating to a defense of immunity, it would be improper and inappropriate. Immunity, assuming that any such claim is even applicable under these circumstances, is a jurisdictional matter and not a factual issue for the jury. *Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995).

      **(d)**     **The importance of the testimony.**

As noted herein, WMATA has had full knowledge of Plaintiff's contentions and claims since November 2013. WMATA has had more than adequate opportunity to evaluate Plaintiff's claim and to determine what individuals have information which required disclosure pursuant to Rule 26(a) and supplementation according to Rule 26(e). Nevertheless, WMATA delayed in disclosing these individuals as fact witnesses until after the close of discovery. To permit WMATA, at this late stage, to benefit from its failure to comply with Rule 26 and the Scheduling Order would be highly prejudicial to the Plaintiff and inherently unfair.

Plaintiff conducted her depositions pursuant to Rule 30(b)(6) based upon specific topics. , Plaintiff is unaware of what testimony WMATA intends to elicit from these witnesses at trial. Had WMATA's counsel provided assurances that the testimony to be elicited from Kram and Patel at trial would not exceed the scope of the testimony provided at the time of the 30(b)(6) depositions of each of these individuals, then the necessity of filing a motion to exclude as to Kram and Patel would be negated. However, no such assurance was given. With respect to Shah and Jones, they were not produced as 30(b)(6) designees for deposition, and therefore Plaintiff is without a basis to anticipate or to prepare for their testimony at trial.

      **(e)**     **The non-disclosing party's explanation for its failure to disclose the evidence.**

It is unclear at present what WMATA's explanation is for its failure to disclose Kram, Shah, Patel or Jones in its Initial Disclosure, Answers to Interrogatories, Amended Answers to Interrogatories, Second Amended Answers to Interrogatories or otherwise in discovery prior to the close of discovery.

An analysis of the *Southern States'* factors warrants the exclusion of Kram, Shah, Patel and Jones as witnesses at trial by WMATA.

WHEREFORE, the foregoing premises considered, Plaintiff requests an Order excluding Paul Kram, Jyotindra M. Shah, Hitendra Patel and Ormond Brad Jones as witnesses on behalf of Defendant WMATA, and for such other and further relief as the Court deems just and appropriate.

>BONNIE ELLEN. REED
>     -By Counsel-
>
>_____/s/_____
>Stephen H. Ratliff, VSB No. 24231
>10511 Judicial Drive, Suite 102
>Fairfax, VA 22030
>Telephone: (703) 691-3330
>Facsimile: (703) 691-3175
>mail@sratlifflaw.com
>*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on the 23rd day of May, 2014, a copy of the foregoing *Memorandum of Points and Authorities in Support of Plaintiff's Motion to Exclude Witnesses* was served electronically via the Court's ECF program and via first-class mail to:

      Kathryn Pett, General Counsel (not admitted in Virginia)
      Kathleen Carey, Chief Counsel, Torts (not admitted in Virginia)
      Patricia B. Donkor, VSB No. 74834
      Nicholas S. Nunzio, VSB No. 45711
      Washington Metropolitan Area Transit Authority (WMATA)
      600 Fifth Street, N.W.
      Washington, D.C. 20001
      Telephone: (202) 962-2560
      Facsimile: (202) 962-2550
      Email: kpett@wmata.com
            kcarey@wmata.com
            pdonkor@wmata.com
            nnunzio@wmata.com
*Counsel for Defendant*

                                    /s/
                              Stephen H. Ratliff
                              *Counsel for Plaintiff*