```
            IN THE UNITED STATES DISTRICT COURT FOR THE
                    EASTERN DISTRICT OF VIRGINIA

                          Alexandria Division


BONNIE ELLEN REED,              )
                                )
     Plaintiff,                 )
                                )
           v.                   )     1:14cv65
                                )
WASHINGTON AREA METROPOLITAN    )
TRANSIT AUTHORITY,              )
                                )
     Defendant.                 )
```

## M E M O R A N D U M   O P I N I O N

Plaintiff Bonnie Ellen Reed ("Plaintiff") has filed the instant personal injury action against the Washington Metropolitan Area Transit Authority ("WMATA"), seeking damages for injuries she sustained after falling down the stairs at the Franconia-Spingfield Metro Station.  Presently before the Court is Plaintiff's motion to exclude the following individuals on WMATA's witness list: Paul Kram, Jyotindra Shah, Hitendra Patel, and Ormond Brad.  (Mot. to Exclude [Dkt. 42] at 1.)  Plaintiff claims that "WMATA has failed to comply with Rule 26 . . . with respect to the disclosure of [these] individuals . . . and Plaintiff would be prejudiced by permitting WMATA to call these witnesses to testify at trial." (*Id.* at 2.)  For the reasons set forth below, the Court will grant Plaintiff's motion.

1

**I. Background**

The facts giving rise to the instant motion are largely undisputed.  On February 26, 2014, the Court issued a scheduling order directing initial disclosures by March 5, 2014, Plaintiff's expert disclosures by March 10, 2014, WMATA's expert disclosures by April 10, 2014, and discovery completed by May 9, 2014.  (Scheduling Order [Dkt. 5] at 1-2.)

WMATA's initial disclosure, sent one day late on March 6, 2014, identified only two individuals, Bryan Crocheron and Larry Chisholm, likely to have discoverable information pursuant to Rule 26(a)(1)(a).  (Pl.'s Mem. in Support [Dkt. 44] at 2.)  In response to Plaintiff's subsequent discovery request seeking "every person not heretofore mentioned having personal knowledge of the facts material to this case," WMATA identified one additional individual, "ROCC Customer Communications Specialist L. Bradley."  (*Id.* Ex. 3.)

WMATA submitted its Rule 26(a)(2) disclosure on April 9, 2014.  (Def.'s Expert Designation [Dkt. 12] at 1.)  It identified Dr. James Bruno as the only expert WMATA would call at trial.  (*Id.*)  On April 16, 2014, WMATA attempted to amend its Rule 26(a)(2) disclosure to add the individuals now in dispute - Paul Kram, Jyotindra Shah, Hitendra Patel, and Ormond Brad - as expert witnesses.  (Def.'s Mot. to Amend [Dkt. 14] Ex. 1.)  Judge Anderson denied WMATA's request.

2

On April 28, 2014, Plaintiff received WMATA's Second Amended Answers to Plaintiff's Interrogatories. (Pl.'s Mem. in Support, Ex. 6.) No other individuals were identified as having personal knowledge of the facts material to this case. (*Id.*)

On May 7, 2014, two days before the close of discovery, the parties met for Rule 30(b)(6) depositions and WMATA informed Plaintiff's counsel that it would again be amending its discovery answers. (Def.'s Opp'n [Dkt. 50] at 5.) According to WMATA, counsel specifically "described the content of the [a]mendment verbatim." (*Id.*) Plaintiff received WMATA's updated discovery on May 12, 2014, which identified the witnesses now in dispute as persons that "may have facts related to WMATA's defense in the instant case." (Pl.'s Mem. in Support at 3.)[1] WMATA has included these individuals on its witness list.

Plaintiff now claims that these witnesses should be excluded because WMATA failed to disclose these individuals until after the close of discovery in violation of Rule 26 of the Federal Rules of Civil Procedure. (Pl.'s Mem. in Support at 6-9.) WMATA opposes Plaintiff's motion, arguing that it complied with Rule 26 because these witnesses were disclosed when it sought to designate them as experts on April 16, 2014.

---

[1] The parties dispute the precise date WMATA sent its amended discovery responses to Plaintiff. (*See* Pl.'s Mem. in Support at 3; Def.'s Opp'n at 5.) Nevertheless, it is uncontested that Plaintiff did not receive the updated responses until after the close of discovery on May 9, 2014. (*Id.*)

3

(Def.'s Opp'n at 2-4.) According to WMATA, "[t]he fact of the matter is, whether the individuals are classified as fact or expert witnesses, Plaintiff learned about them as early as April 15, 2014." (*Id.* at 3.) WMATA also claims that these witnesses were disclosed to Plaintiff "during its Fed. R. Civ. P. 30(b)(6) designations." (*Id.* at 4.) Thus, concludes WMATA, Plaintiff's motion should be denied because she "clearly was made aware of the witnesses and the relevant subject matter before the discovery close date." (*Id.* at 5.)

## II. Analysis

Rule 26(a)(1) of the Federal Rules of Civil Procedure requires that parties must provide the name and contact information of "each individual likely to have discoverable information-along with the subjects of that information-that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i). Under Rule 26(e), a party must supplement its disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e). If any party does not "identify a witness as required by Rule 26(a) or (e)," then they are prevented from using that "witness

4

to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c). The party facing sanctions bears the burden of establishing that its omission was justified or harmless. *Carr v. Deeds,* 453 F.3d 593, 602 (4th Cir. 2006). The determination of whether a Rule 26(a) or (e) violation is justified or harmless is entrusted to the broad discretion of the district court. *See Woodworker's Supply, Inc. v. Principal Mut. Ins. Life Ins. Co.,* 170 F.3d 985, 993 (10th Cir. 1999).

It is undisputed that WMATA failed to identify any of the contested witnesses in its initial disclosures under Rule 26(a)(1). The earliest WMATA identified these individuals as potential fact witnesses was during the Rule 30(b)(6) depositions on May 7, 2014. Rule 26(e) requires a party to supplement initial disclosures "*in a timely manner*." Fed. R. Civ. P. 26(e)(1)(A). Making a supplemental disclosure of a known fact witnesses a mere two days before the close of discovery, as is the case here, is not timely by any definition. *See SMD Software, Inc. v. EMove, Inc.,* No. 5:08-CV-403-FL, 2013 WL 5592808, at *5 (E.D.N.C. Oct. 10, 2013). Making matters worse, there is no question that WMATA was aware of these witnesses and their significance to this case well before May 7, 2014.

WMATA, nevertheless, contends that it served functionally equivalent notice on April 16, 2014, when it "filed a Motion to Amend its previously filed Fed. R. Civ. P. 26(a)(2) Statement to add these same individuals as expert witnesses." (Def.'s Opp'n at 3.)  WMATA's prior disclosure of these individuals as potential expert witnesses does not excuse its noncompliance with Rule 26(a)(1)(A)(i) and (e)(1)(A). "Generally all witnesses, regardless of their status, must be identified, with their contact information, in a party's Rule 26(a)(1)(A) disclosures." *Watson v. United States,* 485 F.3d 1100, 1108 (10th Cir. 2007).  To the extent WMATA sought to provide lay testimony from these individuals, it had a duty to disclose their identity and relevant subject matter in a timely fashion pursuant to Rule 26(a)(1).  *See Gustafson v. Am. Family Mut. Ins. Co.,* No. 11-CV-01303-PAB-MEH, 2012 WL 5904048, at *5 (D. Colo. Nov. 26, 2012).  This requirement became even more significant when Judge Anderson struck their proffered expert testimony, as Plaintiff was then under a false belief they would not be used at trial.

WMATA's attempt to shift the blame to Plaintiff because "[a]t any point during the four weeks between April 15, 2014, and the close of discovery Plaintiff could have noticed depositions of [these witnesses but] never did" is similarly a nonstarter.  (Def.'s Opp'n at 4.)  Plaintiff had no reason to

6

seek discovery from these witnesses because Judge Anderson struck their testimony and WMATA never provided notice that they would be presented in another capacity. *See Mehus v. Emporia State Univ.,* 326 F. Supp. 2d 1213, 1218 (D. Kan. 2004) (noting that the "[p]laintiff had no reason to depose witnesses whom defendant did not identify"). Plaintiff's awareness of these individuals simply does not excuse WMATA from discharging its Rule 26 obligations to identify the subjects it will elicit for its own defense. *See Gustafson,* 2012 WL 5904048, at *3 ("[T]hat the opposing party may have known of the identity of a possible witness 'is no substitute for compliance with Rule 26.'" (citation omitted)).

The Court likewise rejects WMATA's claim that its noncompliance with Rule 26 is defensible as to Paul Kram and Hyintrindra Patel because they were deposed as corporate representative under Rule 30(b)(6). (Def.'s Opp'n at 4.) WMATA's argument on this point is as follows:

> Plaintiff conducted her depositions of Paul Kram and Hyintrindra Patel based on specific topics in the Fed. Civ. R. 30(b)(6) notice. Limiting herself to the Fed. R. Civ. P. 30(b)(6) topics was Plaintiff's own choice, but certainly not required. At the time of their depositions, Plaintiff had knowledge of the April 15, 2014, disclosures for weeks. She was well aware that these individuals also possessed information that related to WMATA's defenses. Plaintiff could have explored those subjects during

7

>   the Fed. R. Civ. P. 30(b)(6) deposition or
>   immediately after.

(*Id.*)  Boiled down, WMATA argues that Plaintiff cannot complain of its failure to comply with Rule 26 when she had the opportunity to elicit testimony as to WMATA's defenses during the Rule 30(b)(6) depositions.  Plaintiff, however, had no reason to go outside the identified topics because, as mentioned above, WMATA never provided notice that these individuals would testify as fact witnesses at trial.  Accordingly, Plaintiff's failure to explore further subjects during the Rule 30(b)(6) depositions is the result of WMATA's neglect and not her own carelessness.

   The Court further concludes that WMATA's failure to comply with its Rule 26 obligations is not excusable as "substantially justified or . . . harmless."  Fed. R. Civ. P. 37(c)(1).  As discussed, WMATA has failed to provide any legitimate justification for delaying its identification of these witnesses until the close of discovery, or for failing to make, in substance, any Rule 26(a)(1) disclosure as to these witnesses.  Moreover, WMATA's failure is obviously not harmless.  A party's ability to order its discovery and select its witnesses for deposition is prejudiced by another party's failure to make sufficient Rule 26(a)(1) disclosures.  *See Sender v. Mann,* 225 F.R.D. 645, 656 (D. Colo. 2004).  Plaintiff

8

had no reason to depose these witnesses since their proffered testimony was stricken, and since discovery has long since closed, she is now unable to conduct any inquiry into their knowledge of this case.

This issue never would have arisen, of course, had WMATA simply complied with the perfunctory requirement of Rule 26(a)(1)(A)(i) and (e)(1)(A) and identified these individuals as possible fact witnesses. WMATA did not, either directly or otherwise. Accordingly, the Court finds that testimony from these individuals should be excluded under Rule 37(c)(1). *See Kullman v. New York,* No. 07-CV-716(GLS/DRH), 2009 WL 1562840, at *5-8 (N.D.N.Y. May 20, 2009).

### III. Conclusion

For the reasons set forth above, the Court will grant Plaintiff's motion and exclude WMATA from offering Paul Kram, Jyotindra Shah, Hitendra Patel, and Ormond Brad at trial.

|  |  |
|---|---|
| July 1, 2014<br>Alexandria, Virginia | /s/<br>James C. Cacheris<br>UNITED STATES DISTRICT COURT JUDGE |